UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO MANUEL LUCAS,

Petitioner,

v. Case No.: 2:26-cv-02870-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Mario Manuel Lucas's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Manuel Lucas's reply (Doc. 8).

Manuel Lucas is a native of Guatemala who entered the United States without inspection—the record does not reflect when. He resides in Florida with his wife and two U.S. citizen children. Manuel Lucas and his wife operate a Florida LLC that provides landscaping services, and they file federal income taxes. He has a pending asylum application and no criminal record other than minor traffic infractions. On September 3, 2026, Immigration and Customs Enforcement (ICE) arrested Manuel Lucas due to his immigration status and commenced removal proceedings by issuing a notice to appear. On September

21, 2026, Immigration Judge Liviu Lungu denied bond with a two-word order: "Flight risk." (Doc. 7-1 at 10).

Manuel Lucas claims his detention violates the Fifth Amendment because the bond hearing did not involve an individualized assessment of the relevant facts. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Lungu's discretion. But Manuel Lucas also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Lungu's discretion.

The government also argues Manuel Lucas failed to exhaust administrative remedies because he did not appeal the bond denial to the Board of Immigration Appeals. That would be the appropriate means of seeking review of Judge Lungu's discretionary bond decision, but exhaustion is not required here because the immigration courts cannot consider Manuel Lucas's constitutional claim. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

Because Manuel Lucas's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life,

liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the

agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Lungu denied bond without identifying any reason to believe he is a flight risk or a danger to the community, and without regard to the favorable evidence he submitted. The bond order is a generic denial that does not reference any evidence, and the government provides no reason to believe Judge Lungu conducted an individualized assessment of the relevant facts. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Manuel Lucas's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Mario Manuel Lucas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Manuel Lucas and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 6, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies: All Parties or Record